United States District Court
Southern District of Texas
**ENTERED**
August 11, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUTRY LEE JONES, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-CV-00079 |
| STATE OF TEXAS, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Plaintiff's Motion to Depose (Doc. #5), Motion to Compel USMS to Serve Subpoenas Submitted to this Court ("Motion to Compel") (Doc. #8), Motion for Entry of Default Against All Defendants ("Motion for Default") (Doc. #10), and Motion for Default Judgment Against All Defendants ("Motion for Default Judgment") (Doc. #11). Having reviewed Plaintiff's arguments, the applicable legal authority, and the record in this case, the Court denies all four motions.

Plaintiff Autry Lee Jones filed suit *pro se* against the State of Texas, Levin & Atwood, LLP, Carver L. Henry & Associates, Sarah Ann Duckers, Mark T. McDonald, Martina E. Cartwright, and the Office of the Attorney General on January 6, 2022, alleging violations of his First, Fifth, Seventh, and Fourteenth Amendment rights based on his alleged treatment during probate court proceedings. Doc. #1. Plaintiff filed a Motion for Extension of Time on January 18, 2022, followed by the Motion to Depose on January 21, 2022. Doc. #4 and Doc. #5. The Court granted Plaintiff's Motion for Extension in part but ordered Plaintiff to "serve process on all intended defendants by April 6, 2022." Doc. #6 at 2. No returns of service were filed by this date.

However, Plaintiff filed a Motion to Compel USMS to Serve Subpoenas Submitted to this Court, followed by a Motion for Entry of Default and a Motion for Entry of Default Judgment. Docs. #8, #10, and #11. At a July 1, 2022 scheduling conference, the Court granted Plaintiff an additional 30 days to serve his intended defendants in this action. The United States Marshals have since filed six Returns of Service of Summons. Docs. #17–22. The Court now turns its attention to the four motions Plaintiff filed before service was executed.

"A defendant has no obligation to appear in court or defend an action before it is formally served with process directing it to appear before that forum." *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014). Thus, a defendant who has not been properly served has not defaulted and an entry of default against them is inappropriate. *Id.*; *United States v. Garza*, No. 2:19-CV-00209, 2020 WL 3050240, at *2 (S.D. Tex. June 8, 2020). Because Plaintiff's Motion to Depose, Motion for Default, and Motion for Default Judgment were all filed before any defendants were served, granting said motions would be inappropriate. *See* Docs. #5, #10, #11, #17–22; *Thompson*, 775 F.3d at 303; *Garza*, 2020 WL 3050240, at *2.

Accordingly, Plaintiff's Motion to Depose (Doc. #5), Motion for Default (Doc. #10), and Motion for Default Judgment (Doc. #11) are hereby DENIED without prejudice. Furthermore, because the United States Marshals have served Plaintiff's summons, Plaintiff's Motion to Compel (Doc. #8) is hereby DENIED as MOOT.

It is so ORDERED.

AUG 1 1 2022
Date

The Honorable Alfred H. Bennett
United States District Judge