United States District Court
Southern District of Texas
**ENTERED**
March 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUTRY LEE JONES, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-CV-00079 |
| STATE OF TEXAS, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are seven motions: four Motions to Dismiss filed by Defendant Levin & Atwood, LLP (Doc. #27), Defendant Sarah A. Duckers (Doc. #32), Defendant State of Texas (Doc. #39), and Defendant Martina E. Cartwright (Doc. #51); Plaintiff's Responses thereto (Doc. #37; Doc. #43; Doc. #54); Plaintiff's Motion for Entry of Default Judgment (Doc. #45); Plaintiff's Motion to Compel Discovery (Doc. #47); and Plaintiff's Motion to Compel the United States District Court Clerk to Comply with Rule 45 of the Federal Rules of Civil Procedure (Doc. #61). Having considered the parties' arguments and the applicable legal authorities, the Court grants the Motions to Dismiss (Doc. #27; Doc. #32; Doc. #39; Doc. #51), denies Plaintiff's Motion for Entry of Default Judgment (Doc. #45), and denies as moot Plaintiff's Motions to Compel (Doc. #47; Doc. #61).

### I.   Background

On January 6, 2022, pro se Plaintiff Autry Lee Jones filed a Complaint for Violation of Civil Rights in this Court. Doc. #1. Pursuant to 42 U.S.C. § 1983 ("Section 1983"), Plaintiff claims that the State of Texas, Levin & Atwood, LLP ("L&A LLP"), Carver L. Henry & Associates

("Henry & Associates"), Sarah Ann Duckers ("Duckers"), Mark T. McDonald ("McDonald"), and Martina E. Cartwright ("Cartwright") (collectively, "Defendants") violated his First, Fifth, Seventh, and Fourteenth Amendment rights. *Id.* Specifically, Plaintiff alleges that Defendants violated his rights by refusing to give him notice of the probate proceedings for the estates of Mary J. Dawson and Bertha Pope. *Id.* at 10. As an alleged heir to the Dawson and Pope estates, Plaintiff claims that Defendants knew that he was entitled to land and money (in the amount of $1,600) from the estates, yet Defendants misrepresented to the probate courts that he was not an heir. *Id.* at 5. Law firms L&A LLP and Henry & Associates, and private attorneys Duckers and McDonald were all involved in the probate proceedings for the Dawson estate. *Id.* at 10–11. L&A LLP also represented Dawson's children in two lawsuits Plaintiff filed against them in state court. *Id.*; Doc. #27 at 2. Cartwright is also a private attorney who was retained to probate the Pope estate. Doc. #1 at 11; Doc. #51 at 3. According to L&A LLP and Cartwright, the matters regarding the Dawson and Pope estates are currently still pending in their respective probate courts. Doc. #27 ¶ 4; Doc. #51 at 3. As to the State of Texas, Plaintiff avers,

> [The] officers of the Courts of Texas refuse[d] to put Plaintiff on notice as to when Plaintiff must submit a claim to these Estates, Texas has fail[ed] to show that Plaintiff would not have file[d] a claim and/or started the process in due time had Plaintiff been place[d] on notice. It was the officers of the Court who caused Plaintiff not to file in a timely manner.

Doc. #43 at 6.

## II.    Legal Standard: Federal Rule of Civil Procedure 12(b)(6)

A court may dismiss a case for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The allegations pleaded must show 'more than a sheer

2

possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Pro se plaintiffs are held "to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Id.*

### III. Analysis

#### a. Motions to Dismiss

##### 1. Section 1983 Claims Against Private Citizens

L&A LLP, Duckers, and Cartwright[1] each move to dismiss the claims against them because relief cannot be granted under Section 1983. *See* Doc. #27 at 4; Doc. #32 at 4–5; Doc. #51 at 5. To bring a Section 1983 claim, Plaintiff must allege that "the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). To succeed on a Section 1983 claim against a private citizen, *i.e.* a non-state actor, Plaintiff "must allege that the citizen conspired with or acted in concert with state actors" by showing that there was an agreement to commit an illegal act and to deprive another of his or her constitutional rights.

---

[1] Federal Rule of Civil Procedure 12(b) requires that a motion asserting any of the defenses listed in the rule (e.g., a motion to dismiss for failure to state a claim) must be filed before a responsive pleading. FED. R. CIV. P. 12(b). Cartwright filed an Answer to the Complaint on August 4, 2022 (Doc. #24) then filed a 12(b)(6) Motion to Dismiss on November 18, 2022 (Doc. #51). Because Cartwright's 12(b)(6) Motion was filed after her responsive pleading, her 12(b)(6) Motion was untimely. However, the Court can construe Cartwright's 12(b)(6) Motion as a 12(c) motion for judgment on the pleadings, which may be filed after the pleadings closed. Accordingly, the Court will analyze Cartwright's 12(b)(6) Motion as a motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) ("The district court treated the appellees' motion to dismiss for failure to state a claim, filed after the answer, as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). . . . Thus, the district court did not err when it construed the defendants' motion as one for judgment on the pleadings."); *Sumner v. Patel*, No. 94-40344, 1994 WL 523785, at *1 n.3 (5th Cir. Sept. 9, 1994) (per curiam) ("[T]he district court properly treated [defendant's 12(b)(6) motion] as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), as permitted by Fed. R. Civ. P. 12(h)(2), which allows a defense of failure to state a claim upon which relief can be granted to be made by a motion for judgment on the pleadings.").

*Id.* Plaintiff does not allege or even suggest that an agreement existed between any state actors and non-state actors L&A LLP, Duckers, or Cartwright to deprive him of his constitutional rights. *Id.* (upholding a district court's dismissal of a defendant under Rule 12(b)(6) because the complaint did not allege an agreement or specific facts to show an agreement to commit an illegal act). Because Plaintiff failed to allege that non-state actors L&A LLP, Duckers, or Cartwright conspired with state actors to violate his constitutional rights for a Section 1983 claim, their respective Motions to Dismiss (Doc. #27; Doc. #32; Doc. #51) for failure to state a claim should be granted.

### 2. The State of Texas' Sovereign Immunity

The State of Texas asserts that Plaintiff's Section 1983 claims against it are barred by sovereign immunity. Doc. #39 at 4–5. Plaintiff concedes that "Texas is a sovereign state" but argues that it can be sued because "Article III of the Constitution authorizes claims against the state." Doc. #43 at 1, 6. The Fifth Circuit has held, "The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. Section 1983 does not waive the states' sovereign immunity . . . ." *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998). Because the State of Texas has not consented to this suit, and Plaintiff has not indicated that it waived its sovereign immunity, Plaintiff's claims against the State of Texas are barred by the state's sovereign immunity. *See id.* Accordingly, the State of Texas' Motion to Dismiss (Doc. #39) should be granted.

### b. Motion for Entry of Default Judgment Against Henry & Associates

Plaintiff moves for an entry of default judgment as to Henry & Associates because Henry & Associates was served on July 13, 2022, and it has yet to respond to this suit. Doc. #45 at 2; *see also* Doc. #21. Default judgments are "a drastic remedy" and generally disfavored by the Federal Rules. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.3d 274, 276 (5th Cir. 1989).

As such, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam). For an entry of default judgment to be proper, the Court must find that the factual allegations in the Complaint could impose liability on the defaulting defendant. *Cf. Lewis v. Lynn*, 236 F.3d 766, 767–68 (5th Cir. 2001) (per curiam) (affirming the district court's refusal to enter default judgment against two defaulting defendants because plaintiff's "factual allegations, even if found true, could not impose liability" against the defendants).

Here, Plaintiff's factual allegations against Henry & Associates, a law firm, are that it: (1) was involved in the probate of the Dawson estate in 2006, (2) "misled the Court in that [it] refuse[d] to serve Plaintiff with notice, when it was known to [Henry & Associates] of the fact that Plaintiff had a claim against In re Dawson and Pope," and (3) requested that Duckers "prosecute the estate of Dawson" and "moved the Court to give attorney Sarah A. Duckers letters in concern of the estate of Dawson." Doc. #1 at 10–11. These allegations, even if true, do not give rise to a proper Section 1983 claim against a non-state actor. As noted, to bring a Section 1983 claim against a private citizen, Plaintiff must allege that there was a conspiracy between the non-state actor, Henry & Associates, and state actors. *See supra* Section III(a)(1). Plaintiff fails to allege or suggest that Henry & Associates conspired with state actors to deprive him of his constitutional rights. Therefore, because Plaintiff's factual allegations, even if true, could not impose liability on Henry & Associates, his Motion for Entry of Default Judgment (Doc. #45) should be denied.

Moreover, the Court finds, *sua sponte*, that Henry & Associates should benefit from the legal arguments that the appearing Defendants asserted in their respective motions to dismiss, thus Plaintiff's claims against Henry & Associates should also be dismissed. *See Lewis*, 236 F.3d at 768. In *Lewis v. Lynn*, the Fifth Circuit upheld a district court's *sua sponte* determination that the

summary judgment granted to appearing defendants accrued to the benefit of defaulting defendants. *Id.* at 767–68. In doing so, the Fifth Circuit adopted the holdings of several other federal courts that held "where 'a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant.'" *Id.* (quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) and citing other relevant cases). The Fifth Circuit reasoned that it would be "'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Id.* at 768. The Court agrees; considering Plaintiff's Section 1983 claims against Henry & Associates will fail for the reasons stated above, the Court finds that *sua sponte* dismissal of said claims is proper.

c. **Dismissal of McDonald**

Having addressed the other defendants in this case, the Court notes that the only remaining defendant is McDonald. McDonald passed away on November 28, 2021, before this suit was filed. *Mark McDonald Obituary*, HOU. CHRON.: LEGACY (Dec. 9, 2021), https://www.legacy.com/us/obituaries/houstonchronicle/name/mark-mcdonald-obituary; Doc. #1 (noting that suit was filed on January 6, 2022). Accordingly, Plaintiff's claims against McDonald are hereby dismissed.[2] *See id.* (citing *Chorney v. Callahan*, 135 F. Supp. 35, 36 (D. Mass. 1955) ("[T]his action was brought against a named defendant who was already dead. At that point the purported action was a nullity, for a dead man obviously cannot be named party defendant in an action.")).

---

[2] Rule 25(a)(1) of the Federal Rules of Civil Procedure, which permits substitution when a party dies, does not apply in this case because McDonald predeceased the filing of this suit. *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (per curiam) ("Rule 25(a)(1) . . . allows substitution for a deceased party where the claim is not extinguished by his death. However, as the district court noted, the rule contemplates substitution for someone who had been made a party before his death. It is not available to the appellants in the present case since [defendant] predeceased the filing of the action.").

6

### IV.     Sanctions

Plaintiff has demonstrated a pattern of filing frivolous and vexatious lawsuits. On March 18, 2004, the United States District Court for the Western District of Texas barred Plaintiff from filing any further civil lawsuits without first obtaining permission from a district or magistrate judge of that court or a circuit judge of the Fifth Circuit Court of Appeals. Doc. #27, Ex. 1 at 6. Quoting the language from the sanctions imposed by the Western District of Texas, on May 19, 2004, the Honorable Kenneth M. Hoyt of the United States District Court for the Southern District of Texas warned Plaintiff,

> It is policy for the United States District Court for the Southern District of Texas to honor the sanctions assessed by the other district courts in Texas as justice requires. Jones is therefore admonished that future cases filed by him in this district may be subject to these sanctions.

*Id.* Plaintiff has failed to abide by Judge Hoyt's admonishment. Therefore, in accordance with the sanctions imposed by the Western District, Plaintiff is hereby barred from filing any further civil lawsuits in United States District Court for the Southern District of Texas without first obtaining written permission from a district judge or magistrate judge of this Court or a circuit judge of the Fifth Circuit Court of Appeals. Failure to comply with this sanction will result in additional consequences, including monetary sanctions.

### V.     Conclusion

In conclusion, the Motions to Dismiss filed by L&A LLP (Doc. #27), Duckers (Doc. #32), and Cartwright (Doc. #51) are GRANTED because Plaintiff failed to allege that these non-state actors conspired with state actors to deprive his constitutional rights, as required for a Section 1983 claim against private citizens. The State of Texas' Motion to Dismiss (Doc. #39) is GRANTED because Plaintiff's Section 1983 claims are barred by the state's sovereign immunity. Plaintiff's Motion for Entry of Default Judgment (Doc. #45) is DENIED because Plaintiff's factual

allegations against Henry & Associates, even if true, do not impose liability under Section 1983. Additionally, the Court determines, *sua sponte*, that Plaintiff's claims against Henry & Associates are dismissed. The claims against McDonald are also dismissed because he predeceased the filing of this action. Accordingly, this case is hereby DISMISSED with PREJUDICE. As a result, Plaintiff's Motion to Compel Discovery (Doc. #47) and his Motion to Compel the United States District Court Clerk to Comply with Rule 45 of the Federal Rules of Civil Procedure (Doc. #61) are hereby DENIED as MOOT. Finally, Plaintiff is BARRED from filing any further civil lawsuits in the U.S. District Court for the Southern District of Texas without first obtaining written permission from the judges of this Court or the Fifth Circuit.

It is so ORDERED.

MAR 2 1 2023
Date

The Honorable Alfred H. Bennett
United States District Judge

8